Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IRYNA GEMMRIG, an Individual,<br><br>       Plaintiff,<br><br>  v.<br><br>ASANTE THREE RIVERS MEDICAL CENTER, LLC, a corporation, and ASANTE, dba ASANTE HEALTH SYSTEM, a corporation,<br><br>       Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION**)<br><br>Prayer: $454,107.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Iryna Gemmrig, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. In the end, though, this case is about the Plaintiff and the unlawful medical discrimination she suffered at the hands

of her employer, Asante.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Iryna Gemmrig, lives in Josephine County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about August 21, 2022.

2.

At all material times, Plaintiff was a resident of Josephine County, Oregon and worked in Josephine County, Oregon.

3.

At all material times, Defendant Asante was regularly conducting business in the State of Oregon, specifically at the Three Rivers Medical Center facility.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked as a Certified Nursing Assistant for ten years at the Defendant's facility in Grants Pass, Oregon. In her role as a Certified Nursing Assistant, Plaintiff worked directly with patients hospitalized with COVID-19. Plaintiff is a highly skilled, well-regarded Certified Nursing Assistant. She is a diligent worker and worked without issue until the COVID-19 vaccine mandate.

6.

Plaintiff has experienced extreme life-threatening adverse reactions to vaccines in the past and has been strongly advised by her physicians not to get vaccinated.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's inability to be vaccinated, due to her adverse medical reaction, had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. The unit that Plaintiff worked on was converted to a COVID unit. As a Certified Nursing Assistant working on the COVID-19 ward, directly with hospitalized COVID-19 patients, Plaintiff was exposed to the harsh realities of the pandemic on a daily basis, including the risk that she herself may get infected with the virus. This was especially true at the start of the pandemic, when PPE supplies were low, and reusing PPE was a necessity.

Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant's patients. Plaintiff also scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

9.

In the summer of 2021, Plaintiff was notified that the Defendant would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions preventing them from taking the vaccine could apply for medical exceptions. On or about September 9, 2021, Plaintiff filed the formal paperwork for a medical

exemption.

10.

On September 20, 2021, Plaintiff was notified that her medical exemption had been accepted, but that she would not be allowed on hospital grounds as of October 18, 2021, except as a patient herself.

11.

Instead of creating workable accommodations in the clinical setting, Defendant placed Plaintiff on unpaid administrative leave and told her that she could use her accrued medical hours (471.83) and vacation hours (303.38). Plaintiff was forced to use her accrued hours over the next several months, to have an income.

12.

As a result of the high stress and anxiety caused by Defendant's treatment of Plaintiff, and the effective loss of her job, Plaintiff applied for, and received FMLA leave, which was approved until January 8, 2022. Plaintiff also applied for, and received, short-term disability which ended December 24, 2021. Due to paperwork and other issues, Plaintiff received no money from December 24, 2021, until February 7, 2022.  Plaintiff was forced to use her vacation and medical time from Asante to cover her living expenses.

13.

On April 3, 2022, Plaintiff was compelled to apply for unemployment.

14.

In August 2022, Defendant announced that it would be allowing unvaccinated employees to work, with the requirement of wearing an N95 mask.  Plaintiff applied for, and received, a part-time job with Defendant and began her new job in September, 2022.  However, Plaintiff lost the seniority she had worked so hard to obtain over the prior ten years, and no longer has the accrued medical and vacation hours that she would have if not for being placed on unpaid leave.

15.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's presence suddenly created an "unacceptable health and safety risk" necessitating her being placed on unpaid administrative leave.  During this time, Defendant's policy required employees to show up to work even if they had been exposed to Covid-19, as long as they were not exhibiting symptoms of the disease.

16.

Plaintiff's termination date should be treated as October 18, 2021, based on the Defendant's termination of Plaintiff's pay.

17.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on her medical condition and retaliation for her inability to be vaccinated. There were reasonable accommodations available to the Defendant with no undue burden on it, that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

18.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress.

**FIRST CLAIM FOR RELIEF**

**(Unlawful Employment Discrimination Based on Disability**

**in Contravention of Or. Rev. Stat. § 659A.112 and )**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her medical condition, as she is

unable to obtain a COVID-19 vaccine due to imminent threat of her life.

20.

Defendant failed to make a good faith effort to accommodate Plaintiff's medical exception. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

21.

Instead of finding reasonable accommodation or a set of accommodations for her medical exception, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

22.

As a result of Defendant's violation of O.R.S. 659A.112, Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of American Disabilities Act**

**42 U.S.C. §12101 et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class due to her life-threatening reactions to vaccines, which became mandated during the COVID-19 pandemic. As a result of the mandate, and Defendant's

actions in prohibiting Plaintiff from working, plaintiff was unable to work and developed increased anxiety and PTSD.

24.

Plaintiff's medical condition conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff informed plaintiff of her medical concerns regarding the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

26.

Instead of finding reasonable accommodation or a set of accommodations for her medical status, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's medical disability (and resulting anxiety) by Defendant as outlined above, was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 18th day of November, 2022.

                JANZEN LEGAL SERVICES, LLC

                By /s/ Caroline Janzen
                Caroline Janzen, OSB No. 176233
                caroline@ruggedlaw.com
                Attorney for the Plaintiff